UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CASE NO: 1:24-cv-521

**SHARON WILLIAMS,**
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

**ALL WEB LEADS, INC.,**

    Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## FIRST CLASS ACTION COMPLAINT

Plaintiff Sharon Williams bring this class action against Defendant All Web Leads, Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

1

3. To market its business, Defendant utilizes robocalls without first obtaining the required express written consent thereby contributing to the barrage of robocalls consumers face.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

6. Defendant is subject to general personal jurisdiction in Florida because Defendant is incorporated and headquartered in Palm Beach County, Florida.

## PARTIES

7. Plaintiff is a natural person who resides in New Jersey.

8. Defendant is a Florida corporation whose principal office is located in Texas.

## FACTS

9. Defendant utilizes prerecorded voice calls to solicit consumers who have not consented to being called with prerecorded calls.

10. Plaintiff was one such target of Defendant's telemarketing. Specifically, on or about June 30, 2023.

11. Plaintiff received a prerecorded voice call from Defendant on her cellular telephone from 609-798-7803. During the call, Defendant played prerecorded voice messages which stated that "Hi this is Trey and I'm calling about your interest in receiving health insurance quotes…thank you for using insurancequotes.com and have a great day…"

12. The messages used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call.

13. Defendant is the owner/operator of insurancequotes.com.

14. The calls received by Plaintiff utilized a recording of a robotic and generic sounding voice.

15. As reflected by the content of the message, the purpose of Defendant's robocall was to market and advertise Defendant's solar energy related services:

16. At the time Plaintiff received the prerecorded voice message, Plaintiff was the subscriber and/or sole user of the cellular telephone number the received Defendant's prerecorded voice call.

17. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted utilizing prerecorded messages.

18. Defendant's unsolicited prerecorded calls caused Plaintiff and the Class members actual harm, including invasion of privacy, intrusion upon seclusion, and intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

20. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received an artificial or prerecorded voice message call on their cellular telephone regarding Defendant's goods and/or services.**

21. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

22. Defendant and its employees or agents are excluded from the Classes.

**NUMEROSITY**

23. Defendant sent prerecorded messages to cellular telephone numbers belonging to at least 50 individuals the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

25. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

> a) Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using a prerecorded message;
>
> b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;
>
> c) Whether Defendant's conduct was knowing and willful;
>
> d) Whether Defendant is liable for damages, and the amount of such damages; and
>
> e) Whether Defendant should be enjoined from such conduct in the future.

26. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiff and the Class)**

31. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

32. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

33. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

34. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

35. Defendant used prerecorded voice calls to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

36. Plaintiff and the Class members did not consent to receive prerecorded voice calls from Defendant.

37. Defendant did not have prior express written consent to call the cellular telephones of Plaintiff and the other members of the putative Class utilizing a prerecorded or artificial voice.

38. Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other

members of the putative Class without their consent.

39. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

40. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

    g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: 1/29/2024

Respectfully submitted,

**DAPEER LAW, P.A.**
*/s/ Rachel Dapeer*
Rachel N. Dapeer, Esq
Dapeer Law, P.A.
3331 Sunset Avenue
Ocean, NJ 07712
Tel.: 305-610-5223
Email: rachel@dapeer.com
Counsel for Plaintiff *Attorneys for Plaintiff and the Proposed Class*